# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 743 | **DATE** | 11/7/2003 |
| **CASE TITLE** | Lifton vs. City of Chicago, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order denying defendant, Mr. Meuer's motion to dismiss the amended complaint and strike plaintiff's request for damages (30-1). Plaintiff's agreed motion for extension of time until 12/8/03 to complete discovery and for clarification of due date for dispositive motion is granted. Any dispositive motion shall be filed by 1/9/04.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | NOV 10 2003 date docketed | 45 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | CDV docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 11/7/2003 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

KATHLEEN LIFTON, )
 )
        Plaintiff, )
 )
v. )
 ) No. 03 C 743
THE BOARD OF EDUCATION OF THE CITY )
OF CHICAGO, ARNE DUNCAN, and WILLIAM )
MEUER, )
 )
        Defendants. )

**DOCKETED NOV 1 0 2003**

## MEMORANDUM OPINION AND ORDER

Plaintiff Kathleen Lifton, a former kindergarten teacher at Norwood Park School, filed a six-count amended complaint against defendants Board of Education of the City of Chicago ("Board"), Arne Duncan, Chief Executive Officer of the Board, and William Meuer, principal of the school where Ms. Lifton worked. Ms. Lifton's complaint asserted federal constitutional claims under 42 U.S.C. § 1983 and state common law claims. Ms. Lifton alleges that in the spring and summer of 2002, she expressed various opinions about school issues, which included objecting to Mr. Meuer's request for early renewal of his principal's contract and criticizing the current kindergarten program. She alleges that as a result of her conduct, Mr. Meuer wrongfully charged her with violations of the employee discipline code. A pre-disciplinary hearing was held, after which Mr. Duncan recommended that Ms. Lifton be issued a warning resolution for conduct unbecoming a

45

teacher. The Board adopted this recommendation. Ms. Lifton alleges that the hearing was a sham, and that she was disciplined in retaliation for expressing her opinions about Mr. Meuer's contract and the kindergarten program. She further alleges that the harassment and retaliation she endured became so intolerable that she was constructively discharged. Count I alleges a violation of Ms. Lifton's First Amendment rights by Mr. Duncan and Mr. Meuer, Count II alleges a violation of her First Amendment rights by the Board, Count III alleges a violation of her procedural due process rights by all defendants, Count IV alleges a violation of her substantive due process rights by all defendants, Count V alleges defamation by all defendants, and Count VI alleges intentional infliction of emotional distress by all defendants. Mr. Meuer moves to dismiss all counts against him. I deny the motion. Additionally, Mr. Meuer moves to strike Ms. Lifton's claim for punitive damages, which I deny.

Count I: First Amendment

Mr. Meuer argues that he is entitled to qualified immunity from Ms. Lifton's First Amendment claim. Qualified immunity protects government officials from civil liability when performing discretionary functions so long as the officials' conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Alvarado v. Litscher*, 267 F.3d 648, 652 (7th Cir. 2001) (quoting *Harlow v. Fitzgerald*,

457 U.S. 800, 818 (1982)). To overcome assertion of a qualified immunity defense, a plaintiff must allege the deprivation of an actual constitutional right that was clearly established at the time of the alleged violation. *Id.* In the context of a complaint by a government employee alleging retaliation for exercising her free speech rights, this means that the facts alleged in the complaint must show that the speech in which the plaintiff engaged was constitutionally protected under the circumstances and that the defendants retaliated against her because of it. *Delgado v. Jones*, 282 F.3d 511, 516 (7th Cir. 2002).

Mr. Meuer does not argue that Ms. Lifton was not retaliated against because of her speech. Thus, the only issue here is whether her speech was constitutionally protected under the circumstances. A government employee's speech warrants First Amendment protection if it "addresses a matter of public concern." *Id.* (quoting *Connick v. Myers*, 461 U.S. 138, 147 (1982)). To determine whether speech addresses a matter of public concern, I look to the content, form, and context of the speech, with content being the most important consideration. *Id.* at 516-17. As noted above, Ms. Lifton spoke out regarding two issues: Mr. Meuer's request for early renewal of his contract, and the kindergarten program. With respect to Mr. Meuer's contract, Ms. Lifton does not allege the form or context of her speech, alleging only that she objected to his request because it circumvented the recommended

3

evaluation process that allowed teachers and the public an opportunity to comment. With respect to the kindergarten program, Ms. Lifton alleges that she expressed concern to Mr. Meuer and others that the kindergarten classes were too large, the class period was too long, the program was not in conformance with state standards, and that it was not properly funded. She also alleges that she developed and presented to parents and the local school council a new kindergarten plan that would better meet the needs of students and conform to state standards, and that she sent--with the permission of the chairman of the local school council--a notice to parents regarding a local school council meeting to discuss the program.

Ms. Lifton's speech addresses matters of public concern. *Klug v. Chicago Sch. Reform Bd. of Trs.*, 197 F.3d 853, 858 (7th Cir. 1999) ("[E]ducational improvement and fiscal responsibility in public schools clearly are matters of public concern."). Nor is this a case where, although the speech concerns a public matter, it discusses only the personal effect on the employer. *See id.* (holding that the public concern element is lacking where the speaker is discussing a matter of public interest but is acting more as a disgruntled employee devoted to petty office politics than as a citizen); *Khuans v. Sch. Dist. 110*, 123 F.3d 1010, 1017 (7th Cir. 1997) (holding that plaintiff's complaints, which included issues about compliance with state special education

4

requirements, were not protected speech because they were essentially an airing of grievances about her supervisor). Ms. Lifton alleges that her concerns and ideas about the kindergarten program were addressed not just to Mr. Meuer, but publicly to parents and the community as well. This indicates that her speech regarding the kindergarten program was truly a protected matter of public concern, not simply an unprotected complaint about her employment. *See Wales v. Bd. of Educ. of Cmty. Unit Sch. Dist. 300*, 120 F.3d 82, 84 (7th Cir. 1997) (noting relevance of whether teacher issued a public call for change or simply complained up the chain of command). Ms. Lifton has therefore sufficiently alleged that the speech in which she engaged and for which she allegedly faced retaliation was constitutionally protected.[1] Mr. Meuer is not entitled to qualified immunity on this claim at this stage.

Count III: Procedural Due Process

Mr. Meuer argues that Ms. Lifton fails to state a procedural

---

[1] Mr. Meuer argues that even if Ms. Lifton's speech addressed matters of public concern, it fails to satisfy the *Pickering* balancing test, which seeks "a balance between the interests of the employee, as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of public service." *Delgado*, 282 F.3d at 517 (quoting *Pickering v. Bd. of Educ.*, 391 U.S. 563, 568 (1968)). The *Pickering* inquiry can seldom be done on the basis of pleadings alone, however, *id.*, and Mr. Meuer's unsupported assertion that "[Ms. Lifton's] public commentary of the inadequacy of the kindergarten program in which she taught would impede her ability to teach the class as well as create problems with the remaining staff in the school," (Def.'s Mem. Support Mot. Dismiss at 13), is insufficient to find at this stage that the balance weighs against her.

due process claim. The elements of a procedural due process claim are deprivation of a protected interest and deprivation of that interest without due process. *Omosegbon v. Wells*, 335 F.3d 668, 674 (7th Cir. 2003) (citing *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)). A tenured teacher in Illinois has a protected property interest in her job. *Townsend v. Vallas*, 256 F.3d 661, 673 (7th Cir. 2001). Ms. Lifton alleges that she was constructively discharged from her position. Constructive discharge can constitute deprivation of a protected interest. *Parrett v. City of Connersville*, 737 F.2d 690, 694 (7th Cir. 1984). Further, Ms. Lifton's complaint sufficiently alleges deprivation of this interest without due process. The only process Ms. Lifton claims she received during this period she alleges was a sham. Such allegations sufficiently state a deprivation of a protected interest without due process, and therefore support a procedural due process claim.

Count IV: Substantive Due Process

Count IV of Ms. Lifton's complaint alleges that she had a liberty interest in her reputation as a teacher and her ability to be employed on the basis of that reputation, and that the defendants infringed on that liberty interest by making false and damaging statements against her. The liberty interest in her good reputation is not a "fundamental" right or liberty interest protected under the theory of substantive due process. *See*

*Washington v. Glucksberg*, 521 U.S. 702, 719-20 (1997). Only when the harm to reputation is "such as to have 'foreclose[d] his freedom to take advantage of other employment opportunities'" does a plaintiff state a claim for violation of substantive due process. *Oliveri v. Rodriguez*, 122 F.3d 406, 408 (7th Cir. 1997). That is what Ms. Lifton alleges here. She therefore states a claim.

## Count V: Defamation

Mr. Meuer argues that he is entitled to statutory and common law immunity from Ms. Lifton's defamation claim. Statutory immunity for public officials arises out of 745 ILCS 10/2-201, which states that "a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." Here, Ms. Lifton's allegations of defamation are not exceedingly detailed. She simply states that Mr. Meuer reported to parents numerous damaging and false statements. As she alleges that such statements were not made while Mr. Meuer was acting within his discretionary authority or determining policy, however, she defeats Mr. Meuer's statutory immunity defense at the pleading stage.

Common law immunity holds that "an official of the executive branch of local government cannot be held liable for statements made within the scope of his official duties, which means

statements reasonably related to those duties." *Cameli v. O'Neal*, No. 95 C 1369, 1995 WL 398893, at *1 (N.D. Ill. July 2, 1995) (Moran, J.) (citing *Geick v. Kay*, 603 N.E.2d 121 (Ill. App. Ct. 1992)). While Ms. Lifton does not specifically allege that Mr. Meuer was acting outside the scope of his official duties when he made the allegedly defamatory statements (assuming that outside the scope of his official duties means something different from not acting within his discretion or in determining policy, which, as noted above, she does specifically allege), it is impossible to determine from the pleadings whether he was or not. Consequently, Mr. Meuer is not entitled to common law immunity at this stage. *See Marchioni v. Bd. of Educ. of Chicago*, No. 03 C 0104, 2003 WL 21418238, at *3 (N.D. Ill. June 18, 2003) (Gettleman, J.) (finding that dismissal on common law immunity grounds would be premature because court could not determine whether the allegedly defamatory comments were made within the scope of defendant's official duties).[2]

---

[2] While the court in *Cameli* dismissed, on common law immunity grounds, a defamation claim against a principal at the pleading stage, I distinguish *Cameli*, like the court in *Marchioni*, on the ground that "the context of the allegedly defamatory remarks in the instant case is less clear" than the context alleged in *Cameli*. 2003 WL 21418238 at *2. *Cameli* involved a complaint alleging that a high school principal had made comments while speaking to the media about a basketball coach's termination, which the court held was part of the principal's official duties. 1995 WL 398893 at *2. Here, Ms. Lifton does not allege the context in which the allegedly false and damaging statements were made.

Count VI: Intentional Infliction of Emotional Distress

Mr. Meuer argues that Ms. Lifton's intentional infliction of emotional distress count fails to state a claim. The elements of intentional infliction of emotional distress are (1) extreme and outrageous conduct by defendant, (2) intent to inflict or knowledge of a high degree of probability that the conduct would cause severe emotional distress, and (3) severe emotional distress in fact. *Doe v. Calumet City,* 641 N.E.2d 498, 506 (Ill. 1994). However, under federal notice pleading standards, which apply even when deciding state law claims, *see Beanstalk Group, Inc. v. AM General Corp.,* 283 F.3d 856, 863 (7th Cir. 2002), Ms. Lifton need not spell out every element of her claim to survive a motion to dismiss. *Scott v. City of Chicago,* 195 F.3d 950, 951-52 (7th Cir. 1999). Her pleading need only contain enough information to allow defendants to understand the "gravamen" of her complaint. *Id.* Here, Ms. Lifton alleges that she was subjected to a campaign of harassment by Mr. Meuer, that he intended or knew with a high probability that his conduct would cause extreme emotional distress, and that his conduct did indeed cause extreme emotional distress such that she had to undergo medical treatment for stress. This is sufficient to state a claim for intentional infliction of emotional distress. While Ms. Lifton does not specifically allege that Mr. Meuer's conduct was extreme and outrageous, such is not required at the pleading stage. *See Jimenez v. Thompson Steel Co.,* 264 F. Supp. 2d

9

693, 696 (N.D. Ill. 2003) (Bucklo, J.) ("Without knowing the details of the harassment (which [plaintiff] is not required to plead), I am left with the possibility that the conduct alleged was extreme and outrageous."). Mr. Meuer also argues again that he is entitled to immunity for actions taken in the scope of his official duties. As with Mr. Meuer's claim of immunity from Ms. Lifton's defamation claim, it is simply too early to determine whether the conduct that allegedly caused Ms. Lifton extreme emotional distress was within the scope of Mr. Meuer's official duties.

## Punitive Damages

Finally, Mr. Meuer moves to strike Ms. Lifton's claim for punitive damages. In arguing that he is not liable for punitive damages, Mr. Meuer cites two sources. First, he cites *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981), which held that a municipality is immune from punitive damages in section 1983 suits. That case did not hold, however, that individuals are immune from punitive damages in section 1983 suits. To the contrary, the Court noted that section 1983 permits punitive damages against individual defendants in appropriate circumstances. *Id.* at 269.[3] Second, Mr. Meuer cites 745 ILCS 10/2-102, which

---

[3] The Court later described its holding as follows:
In [*City of Newport*] we held that a municipality (as opposed to an individual defendant) is immune from liability for punitive damages under § 1983. A significant part of our reasoning was that deterrence of constitutional violations would be adequately accomplished by allowing punitive damage awards directly against the responsible individuals.
*Smith v. Wade*, 461 U.S. 30, 36 n.5 (1983).

10

states that "no public official is liable to pay punitive or exemplary damages in any action arising out of an act or omission made by the public official while serving in an official executive, legislative, quasi-legislative or quasi-judicial capacity, brought directly or indirectly against him by the injured party." As with Mr. Meuer's claimed immunity from liability for the state law counts, it is simply too early to determine whether he was serving in an official capacity while engaging in the alleged conduct. Ms. Lifton's claim for punitive damages stands for now.

## Conclusion

Defendant Mr. Meuer's motion to dismiss is DENIED. Defendant Mr. Meuer's motion to strike plaintiff's request for punitive damages is DENIED.

ENTER ORDER:

*Elaine E. Bucklo*
Elaine E. Bucklo
United States District Judge

Dated: November 7, 2003