JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 743 | **DATE** | 5/17/2004 |
| **CASE TITLE** | Lifton vs. The Board of Education, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting defendants' motion for summary judgment on all counts. Accordingly, judgment is entered in favor of defendants and against plaintiff. Any pending motion in this case is terminated as moot. All schedules including pretrial conference set for 5/25/04 and trial set for 6/1/04 are also vacated.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | 4 | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | MAY 18 2004 | |
| | Notified counsel by telephone. | | | date docketed | 99 |
| | Docketing to mail notices. | | | | |
| ✓ | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 5/17/2004 | |
| | | | | date mailed notice | |
| MPJ | courtroom deputy's initials | | | MPJ | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KATHLEEN LIFTON, )
 )
    Plaintiff, )
 )
v. ) No. 03 C 743
 )
THE BOARD OF EDUCATION OF THE )
CITY OF CHICAGO, ARNE DUNCAN, in )
his individual capacity, and )
WILLIAM MEUER, in his individual )
capacity, )
 )
    Defendants. )
 )

## MEMORANDUM OPINION AND ORDER

Plaintiff Kathleen Lifton was employed as a kindergarten teacher by the Chicago Public Schools from August 1988 until January 31, 2003. Defendant William Meuer was the principal of Norwood Park School ("Norwood"), where Ms. Lifton was employed, and defendant Arne Duncan was the Chief Executive Officer of defendant the Board of Education for the City of Chicago ("the Board"). Ms. Lifton alleges that the Board, Mr. Duncan, and Mr. Meuer violated her First Amendment rights by retaliating against her for speaking out on issues of public concern (Counts I and II). Ms. Lifton alleges that the defendants violated her procedural due process rights under the Fourteenth Amendment by disciplining her without sufficient process (Count III). Finally, Ms. Lifton alleges state law claims of defamation and intentional infliction of emotional

distress (Counts V and VI).[1]  The defendants move for summary judgment on all counts.  The motion is GRANTED for the reasons stated below.

I.

Summary judgment is appropriate where the record and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  *Lexington Ins. Co. v. Rugg & Knopp*, 165 F.3d 1087, 1090 (7th Cir. 1999); FED. R. CIV. P. 56(c).  I must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Counts I and II of Ms. Lifton's complaint allege that the defendants took retaliatory action against her for statements protected by the First Amendment. Specifically, Ms. Lifton claims that Mr. Meuer wrongfully charged her with violations of the Employee Discipline Code and the Board and Mr. Duncan issued a Warning Resolution to her.  To sustain a claim based on violation of her First Amendment rights, Ms. Lifton must establish that (1) her conduct was constitutionally protected and (2) her protected conduct was a substantial or motivating factor for the defendants'

---

[1] Ms. Lifton voluntarily withdrew Count IV of her complaint, which alleged a violation of her substantive due process rights, as against all defendants.  Ms. Lifton also voluntarily withdrew Count VI, alleging intentional infliction of emotional distress, as against Mr. Duncan.

2

challenged actions. *Vukadinovich v. Bd. of Sch. Trs. of N. Newton Sch. Corp.*, 278 F.3d 693, 699 (7th Cir. 2002). If Ms. Lifton can establish both elements, the defendants then bear the burden of establishing that they would have taken their actions regardless of her protected conduct. *Id.* If the defendants successfully meet their burden, Ms. Lifton must show that the defendants' stated reasons for their actions are pretextual; that is, "that a rational finder of fact could infer that the defendants' stated reasons [for their actions] were lies." *Id.*

In the spring and summer of 2002, Ms. Lifton expressed various opinions about school issues, which included objecting to early renewal of Mr. Meuer's principal's contract and criticizing the current kindergarten program. Ms. Lifton's speech was constitutionally protected as addressing matters of public concern, meeting the first prong of her *prima facie* claim. *Lifton v. Bd. of Educ. of the City of Chicago*, 290 F. Supp. 2d 940, 943-44 (N.D. Ill. 2003).

The second prong of the *prima facie* case, that her speech was a factor in the action taken against her, and the question of pretext are intertwined. Defendants state that a Warning Resolution was issued to Ms. Lifton because of insubordination consisting of several infractions, including failing to issue grades to her students at the end of the 2001-2002 school year, failing to complete her assigned end of the year tasks, and

repeatedly sending unauthorized letters to the parents of her students. Insubordination has "consistently been held to be a sufficient justification for an adverse employment action," *Vukadinovich*, 278 F.3d at 700.

Ms. Lifton presents no evidence that she was disciplined because of her speech or that the defendants' stated reason is pretextual. She argues that Warning Resolutions are only given for much more serious infractions than hers. This argument ignores the record of Warning Resolutions given for failure to submit lesson plans, failure to submit grades, and sending unauthorized letters to parents - the very infractions for which Ms. Lifton was disciplined. Ms. Lifton also argues that other teachers committed the same infractions without discipline, but is unable to provide any evidence other than her own testimony. Ms. Lifton argues that she should have been counseled prior to the issuance of the Warning Resolution, that the Board should have utilized progressive discipline, and that her infractions should not have been dealt with through the disciplinary procedures - all arguments which run counter to the personnel policies provided by Ms. Lifton. Ms. Lifton finally relies on the temporal closeness of her speech, starting in Spring 2002, and the issuance of the Warning Resolution in August 2002. However, temporal closeness alone is not sufficient to create a triable issue as to the motivation behind an action. *Stone v. City of Indianapolis Pub. Utils. Div.*, 281 F.3d

640, 644 (7th Cir. 2002). The motion for summary judgment is GRANTED as to Counts I and II.

II.

Count III claims that Ms. Lifton was deprived of her property interest in her position as a kindergarten teacher without due process. Ms. Lifton's position as a tenured teacher was a protectable property interest. *Townsend v. Vallas*, 256 F.3d 661, 673 (7th Cir. 2001). Ms. Lifton alleges that she did not receive due process before the issuance of the Warning Resolution.[2] She points me to no law or Board rule mandating any process at all before the issuance of a Warning Resolution. Such a warning is itself part of the process before an employee is subjected to discipline, such as suspension or termination.

Ms. Lifton also argues that her due process rights were violated when she was constructively discharged. Most of the acts alleged by Ms. Lifton to support her claim of constructive discharge are not supported by any evidence. She also complains of "excessive monitoring," which she admits involved observing her one time on parents' night and during students' lunch period one other time. She complains that the school hired a teacher to replace her but the teacher was a math resource teacher. She complains that

---

[2] Ms. Lifton also alleges that a suspension served as a deprivation of her property interest. However, as Ms. Lifton has admitted that she was never actually suspended, that allegation cannot support her due process claim.

Mr. Meuer asked for doctor's notes and lesson plans but this was after she had called in sick nine days in a row. The remainder of her allegations are similarly deficient. They do not amount to a constructive discharge. I GRANT the motion for summary judgment on Count III.

### III.

Count V alleges that defendants made defamatory statements about Ms. Lifton. To establish defamation, Ms. Lifton must show a false statement by the defendants, an unprivileged publication of that statement, and resulting damages. *Haywood v. Lucent Tech., Inc.*, 323 F.3d 524, 533 (7th Cir. 2003). Statements of opinion are not actionable as defamation. *Boese v. Paramount Pictures Corp.*, 952 F. Supp. 550, 555 (N.D. Ill. 1996). A statement is opinion when it is clearly an expression of a subjective view, rather than a claim by the speaker of objectively verifiable facts. *See, e.g., Haynes v. Alfred A. Knopf, Inc.*, 8 F.3d 1222, 1227 (7th Cir. 1993).

The determination of whether a statement is a fact or an opinion is a matter of law. *Haywood v. Lucent Technologies, Inc.*, 169 F. Supp. 2d 890, 915 (N.D. Ill. 2001). I must determine

> (1) whether the statement has a precise core of meaning for which a consensus of understanding exists, or conversely, whether the statement is indefinite and ambiguous; (2) whether the statement is verifiable; i.e., capable of being objectively characterized as true or false; (3) whether the literary context of the statement would influence the average reader's readiness to infer that a particular statement has factual content; and (4) whether the broader social context or setting in which the statement appears signals a usage as either fact or opinion.

*Boase*, 952 F. Supp. at 556 (citing *Ollman v. Evans*, 750 F.2d 970, 979 (D.C. Cir 1984), *cert. denied*, 471 U.S. 1127 (1985)).

Ms. Lifton alleges that Mr. Meuer said that she was "lazy," "burnt out," "resting on her laurels," "unstable," and "looking for sympathy," and that she "doesn't want to work" and "wants to go home at 2." These statements are opinion, and therefore not actionable. Some of the terms, such as "lazy," may or may not have a clear consensus of meaning. However, the statements alleged are vague expressions of Mr. Meuer's sentiments, not statements of verifiable fact. *Compare, e.g., Haywood*, 169 F. Supp. 2d at 915 (statement that plaintiff was "unstable" is an opinion); *Quinn v. Jewel Food Stores*, 276 Ill. App. 3d 861, 866-867 (Ill. App. Ct. 1995) (use of terms "'cocky,' 'con artist' and 'bullshit'" are "characterizations and opinions" rather than verifiable facts). The statements were allegedly made to Eileen Ladin, the assistant principal at Norwood, further suggesting that Mr. Meuer was expressing an opinion, not stating a fact. As Ms. Lifton identifies no other allegedly defamatory statements, I GRANT the motion for summary judgment with respect to Count V.

### IV.

Finally, Count VI claims that the Board and Mr. Meuer intentionally inflicted emotional distress on Ms. Lifton. To sustain a claim for intentional infliction of emotional distress, Ms. Lifton must show that the conduct complained of was extreme and

8

outrageous; that the defendants either intended to inflict severe emotional distress or knew there was a possibility of causing such distress; and that the conduct in fact caused severe emotional distress. *Welsh v. Commonwealth Edison Co.*, 306 Ill. App. 3d 148, 154 (Ill. App. Ct. 1999). The defendants' conduct must be such that the "recitation of facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim 'Outrageous!'" *Van Stan v. Fancy Colours & Co.*, 125 F.3d 563, 567 (7th Cir. 1997). Ms. Lifton alleges that the defendants issued her a Warning Resolution; broadcast the Board meeting where the resolution was issued on television and the Internet; threatened her with discharge if she sent additional unauthorized letters; monitored her during parent-teacher conferences; asked her for lesson plans while she was on extended sick leave; and hired a new teacher for a substitute position that Ms. Lifton felt was to replace her. These actions, even taken in sum, do not constitute the type of egregious actions for which courts have found liability. *See, e.g., Van Stan*, 125 F.3d at 568 (collecting cases). The motion for summary judgment on Count VI is GRANTED.

**ENTER ORDER:**

*/s/ Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: May 12, 2004